MARK S. POSARD (SBN: 208790)
TATIANA DUPUY (SBN: 246705)
ANNETTE L. ROSE (SBN: 311274)
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
mposard@grsm.com
tdupuy@grsm.com
arose@grsm.com

Attorneys for Defendants
PRECISION METAL PRODUCTS, INC. and HBD INDUSTRIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VY TRINH, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PRECISION METAL PRODUCTS, INC. a Delaware Corporation; HBD INDUSTRIES, INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>　　　　　　Defendants. | CASE NO. **'22CV199   DMS KSC**<br><br>San Diego Superior Court Case No. 37-2022-00000005-CU-CE-CTL<br><br>**DEFENDANTS PRECISION METAL PRODUCTS, INC. AND HBD INDUSTRIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br>**[28 U.S.C. §§ 1332, 1441(a) and (b) (Diversity) and 1446]**<br><br>Complaint filed: January 10, 2022 |

**TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, Defendants Precision Metal Products, INC. ("PMP") and HBD Industries, INC. (collectively "Defendants") remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff Vy Trinh ("Plaintiff" or "Trinh") on the one hand, and Defendants on the other, and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs on Plaintiff's individual claims.

In support of this Notice of Removal, Defendants further state:

**I.      VENUE**

1.  The action was filed in the Superior Court of California for the County of San Diego. Venue properly lies in the United States District Court for the Southern District of California, because it is the district court where the state court action is pending. *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

2.  Therefore, Venue is proper in this Court under 28 U.S.C. §§ 84(c)(2), 1391, and 1446.

**II.     NOTICE TO STATE COURT AND TO COUNSEL**

3.  Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel of record, JCL LAW FIRM, APC. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego, as required by 28 U.S.C. § 1446(d).

**III.    THE REMOVAL IS TIMELY**

4.  On January 10, 2022, Plaintiff filed a class action complaint for: (1)

wrongful termination in violation of public policy, (2) disability discrimination in violation of California Government Code § 12940, (3) unfair competition in violation of California Business & Professions Code § 17200 *et seq.*, (4) failure to pay minimum wages in violation of California Labor Code[1] §§ 1194, 1197, 1197.1, (5) failure to pay overtime in violation of Labor Code §§ 510 *et seq.*, (6) failure to provide required meal periods in violation of Labor Code §§ 226.7 and 512 and the applicable IWC wage order; (7) failure to provide required rest periods in violation of Labor Code §§ 226.7 and 512 and the applicable IWC wage order; (8) failure to provide accurate itemized statements in violation of Labor Code § 226; (9) failure to provide wages when due in violation of Labor Code §§ 201, 202, and 203; (10) violation of the Private Attorneys General Act ("PAGA").  According to the operative complaint, Plaintiff asserts his first two causes of action on an individual basis, and the remaining causes of action are made on a class and/or representative basis.[2] (See Declaration of Tatiana Dupuy [Dupuy Dec] at ¶ 3; Exhibit A.)  To the knowledge of Defendants, no other defendants have been either named or served in the instant action. (Dupuy Dec. at ¶ 4.)

5.   The Complaint and a summons on the Complaint were first served upon Defendants' registered agent on January 11, 2022. (See Declaration of Mike Clancey ["Clancey Dec"] at ¶ 3.)  This Notice is timely because it is filed within thirty (30) days after Defendants were served with a copy of the Complaint. (See 28 U.S.C. § 1446(b) [notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . ]; see also *Murphy Bros.,*

---

[1] All references in this Notice of Removal to "Labor Code" shall refer to the California Labor Code unless otherwise stated.

[2] Defendants note that Plaintiff's operative complaint appears to contain a typographical error that inconsistently alleges that Plaintiff brings class claims for his Fourth through Ninth Cause of Action; however, he alleges substantive class claims for the third through tenth cause of action. (See Complaint at ¶ 39, but see Complaint at ¶ 67.)  For purposes of this Notice, Defendants presume Plaintiff intends to bring class claims for the third through tenth cause of action.

*Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 353 [service of process is the official trigger for a responsive action by a named defendant].) Defendants are filing this notice of removal within 30-days of service; thus, this notice of removal is timely.

6. Defendants are filing this notice of removal, which contains a short plain statement of the grounds of removal, together with a copy of all process, pleadings, and orders served upon Defendants in this action. (See 28 U.S.C. § 1446(a); see also Dupuy Dec. at ¶ 3; Exhibit A.)

## IV.   THIS COURT HAS SUBJECT MATTER JURISDICTION

### A.   Diversity Exists Between the Parties.

7. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. (*Grupo Dataflux v. Atlas Global Group, LP* (2004) 541 U.S. 567, 571). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. (*Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. (*Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857). A place of employment or business can be used to determine citizenship of a particular state. (See *Lew v. Moss* (9th Cir. 1986) 797 F.2d 747, 750 ["determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes"].)

8. Corporations are citizens of the states in which they are incorporated and where they have their principal place of business. (28 U.S.C. § 1332(c)(1) [a corporation shall be deemed to be a citizen of every State and foreign state by

1 which it has been incorporated and of the State or foreign state where it has its
2 principal place of business . . .]; *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-93
3 [a corporation's principal place of business refers to where the corporation's
4 officers direct, control, and coordinate the corporation's activities].)  Under the
5 "nerve center test," a corporation's principal place of business is normally the
6 place where the corporation maintains its headquarters. (*Hertz*, *supra*, 559 U.S. at
7 pg. 93 [nerve center is normally the corporate headquarters provided that the
8 headquarters is the actual center of direction, control, and coordination].)

9.  Although the complaint carefully avoids alleging Plaintiff's citizenship, Plaintiff alleges that he worked for Defendants in California.  Plaintiff also alleges that Defendants harmed him in California.  (See Dupuy Dec. at ¶ 3; Exhibit A [Complaint at ¶¶ 9, 10, 12, 39.)  Thus, Defendants are informed and believe that Plaintiff was, at the time the action commenced, and still is, a resident and citizen of the State of California. (*Ibid.*)

10. Defendant HBD Industries, Inc.'s ("HBD") is a corporation formed in the state of Delaware. (Clancey Dec. at ¶ 5.)  HBD principal executive office is located in Dublin, Ohio.  HBD's high-level officers direct, control, and coordinate the company's activities from the executive office. (Clancey Dec. at ¶ 5.) Among the HBD's prominent or leading decisions are made at the executive office, which include, but are not limited to, *e.g.*, investments, expansions, human resource matters such as hiring, termination, and policies and procedures, financial control decisions, legal issues, etc. (Clancey Dec. at ¶ 5.)  All major company decisions pertaining to HBD's operations, policies, and procedures are made at the company's Ohio office.(Clancey Dec. at ¶ 5.) .)  HBD is not, and has never been, incorporated or organized under the laws of the State of California, nor has it ever had its corporate headquarters or principal place of business located in California. (Clancey Dec. at ¶ 5.)

11. Defendant Precision Metal Products, Inc.'s ("PMP") is a wholly

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1 owned subsidiary of HBD. (Clancey Dec. at ¶ 6.) PMP is a corporation formed in the state of Delaware. PMP's principal executive office is located on Dublin, Ohio. (Clancey Dec. at ¶ 6.) PMP's high-level officers direct, control, and coordinate the company's activities from the executive office. As a wholly owned subsidiary, HBD makes PMP's prominent company decisions, including all operations, policies, and procedures are made at the company's Ohio office. ((Clancey Dec. at ¶ 6.).) PMP is not, and has never been, incorporated or organized under the laws of the State of California, nor has it ever had its corporate headquarters or principal place of business located in California. (Clancey Dec. at ¶ 6.)

12. Based on the foregoing paragraphs, Plaintiff is a citizen of California for purposes of diversity jurisdiction. Defendants principal place of business is Ohio, as it is where their officer direct, control, and coordinate the corporation's activities. (*Hertz*, *supra*, 559 U.S. at pg. 93.) Accordingly, Plaintiff is completely diverse from Defendants. Further, Defendants are unaware of any other Defendants that have yet to be served or named in this lawsuit. (See Dupuy Dec. at ¶ 4.)

**B.     The Individual Amount in Controversy Exceeds $75,000.**

13. Federal courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and costs and is between citizens of different States. (28 U.S.C. § 1332(a), 1332(a)(1).) Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the potential claim exceeds $75,000. (*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 403-404.) In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of their claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001; see also *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146

["the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"].) The argument and facts set forth herein may be appropriately considered in determining whether the jurisdictional amount in controversy is satisfied. (*Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, citing *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.) Further, the amount in controversy requirement may include general and special compensatory damages and attorneys' fees recoverable by statute. (*Galt G/S v. JSS Scandinavia* (9th Cir. 998) 142 F.3d 1150, 1155-56 [attorney's fees may be taken into account to determine jurisdictional amount]; see generally.)

14. In this case, Plaintiff seeks "all special damages . . . including, but not limited to, back pay, front pay, lost compensation and job benefits . . ." in connection with his individual claims of disability discrimination under the Fair Employment and Housing Act ("FEHA") and his wrongful termination claim. (See Dupuy Dec. at ¶ 3; Exhibit A at Prayer for Relief.) Plaintiff also seeks exemplary damages, interest, and attorneys' fees and cost in connection with his individual claims. (*Ibid.*) Under FEHA, damages may include "front pay" and award the salary and benefits that a wrongfully terminated plaintiff would have earned, but for the wrongful discharge. (See *Mize-Kurzman v. Marin Community College Dist.* (2012) 202 Cal.App.4th 832, 874, fn. 17.)

15. Plaintiff earned $33.3960 per hour for an annualized average salary of approximately $70,000 plus various benefits, such as sick pay, vacation pay, and health care benefits. (See Declaration of Emily Ritchey [Ritchey Dec.] at ¶¶ 2, 4.) In the approximate six-months since Plaintiff's termination, to the filing of this Notice of Removal, Plaintiff would have earned approximately $32,000 plus benefits. (Ritchey Dec. at ¶ 4.) Thus, the amount in controversy easily exceeds the $75,000 statutory minimum before the Court even considers the value of his request for attorneys' fees and/or exemplary damages.

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

## V. **CONCLUSION**

Based on the foregoing, Defendants respectfully requests that this action be removed from the Superior Court of California in and for the County of San Diego to the United States District Court for the Southern District of California, and that all further proceedings in this matter take place in the United States District Court for the Southern District of California.

Dated: February 11, 2022            GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Annette L. Rose*
     Mark S. Posard
     Tatiana Dupuy
     Annette L. Rose
     Attorneys for Defendants PRECISION METAL PRODUCTS, INC. and HBD INDUSTRIES, INC.